# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENTALAN BRIGNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOH NICK KAPETAN, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01431-DAD-SAB<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF Nos. 1, 4)<br><br>ORDER DISREGARDING NOTICE<br><br>(ECF No. 6)<br><br>THIRTY DAY DEADLINE |

On September 26, 2016, Plaintiff Brentalan Brigner filed a complaint in this action. On October 18, 2016, Plaintiff filed an application to proceed in forma pauperis and a notice which appears to be a supplement to the complaint.

**I.**

**SCREENING**

The district court must perform a preliminary screening and must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners). In

determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

Similarly, the court may dismiss a claim as factually frivolous when the facts alleged lack an arguable basis in law or in fact or embraces fanciful factual allegations. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Further, a claim can be dismissed where a complete defense is obvious on the face of the complaint. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action against judges, law enforcement officers, district attorneys, and other individuals stating this action is being removed from state court and the basis of federal jurisdiction are 18 U.S.C. § 3499; 18 U.S.C § 3331; 18 U.S.C § 1962; 18 U.S.C § 2381; 28 U.S.C § 1403(B); 18 U.S.C § 241, 242; 5 U.S.C § 551; 17 C.F.R. § 230.14; F.R.C.P. 5.1; and "DISRIGHT 'under 4-502, 502/503/505 PIRACY." (ECF No. 1 at 5.[1])

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1    Plaintiff contends that Judge Nick Kapetan continues to fraud plaintiff by falsifying court
2 documents with incorrect name, placing Plaintiff's name on a warrant and arresting him and
3 placing him in jail.  Plaintiff states that Judge Kapetan used the Fresno County Sheriff's to
4 unlawfully evict him.  (Id. at 6.)  Plaintiff alleges that all defendants are guilty by association of
5 municipal bond fraud and working for the state by "licensing or certificate on January 06, 2016
6 by forgery of database by CHP Lt. Arcelus Badge # 13703 triggered Sheri Edmonds to DOA
7 home invasion, burglary to vandalize kicked Brentalan Brigner out into the street furthering a
8 malicious court appearance under a name that is not [his] still to present.  (Id.)  Plaintiff states he
9 was forced at gun point out of a prepaid homeless government housing grant fund.

10    Plaintiff's complaint fails to set forth any facts to state a cognizable federal claim.  The
11 Court shall grant Plaintiff an opportunity to file an amended complaint to correct the deficiencies
12 identified in this order.

**III.**

**DISCUSSION**

15    Initially, Plaintiff is advised that pursuant to the Local Rules of the Eastern District of
16 California a complaint must be "complete in itself without reference to the prior or superseded
17 pleading."  Local Rule 220.  Accordingly, Plaintiff's notice, filed October 18, 2016, is
18 disregarded.

**A.   Removal of Criminal Proceedings**

20    Plaintiff states that he is removing this action from state court and references two
21 criminal case numbers.  While Plaintiff's complaint contains mainly vague and incomprehensible
22 allegations, it appears that there are currently criminal cases pending against Plaintiff in state
23 court.  Plaintiff does not state the grounds for removal in his complaint.

24    Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to
25 that granted by Congress.  U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000); Exxon Mobil
26 Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005).  There is a presumption against
27 federal jurisdiction, Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), and
28 the party seeking removal has the burden of establishing that removal is proper.  Gaus v. Miles,

3

Inc., 980 F.2d 564, 566 (9th Cir. 1992).

There are only narrow and limited grounds upon which a state prosecution can be removed to federal court. Under 28 U.S.C. §§ 1442(a) and 1442a, any officer of the United States or its courts, any officer of either House of Congress, or any member of the U.S. armed forces that is subject to criminal prosecution may remove such an action that arises from acts done under color of such office or status. See 28 U.S.C. §§ 1442(a), 1442a. Plaintiff's complaint does not allege that he is a federal official being prosecuted for actions taken under color of such authority.

Additionally, a defendant who is being prosecuted in state court may remove an action to federal court if he seeks to assert a defense based upon federal laws protecting equal civil rights but is unable to because of state law. 28 U.S.C. § 1443. A petition for removal under section 1443 must satisfy a two-part test: 1) in defense to the prosecution the petitioner must assert "rights that are given to them by explicit statutory enactment protecting equal racial civil rights[;]" and 2) the petitioner "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Patel v. Del Taco, Inc., 446 F.3d 996, 999-1000 (9th Cir. 2006). Plaintiff has not asserted that in defense of the criminal action he is asserting his equal civil rights. Further, assuming that such could be implied from his complaint, Plaintiff does not point to any state statute or constitutional provision that commands the state court to ignore his federal rights.

Additionally, in order to remove a state court prosecution, the defendant in the criminal action must comply with the procedure set forth in 28 U.S.C. § 1455 which requires "a notice of removal signed pursuant to Rule 11 of the Federal Rules and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Plaintiff has not included a statement of the grounds for removal or copies of all process, pleadings and orders served upon him in the criminal action. Therefore, Plaintiff has not complied with the requirements of section 1455.

Plaintiff has not demonstrated any federal ground to provide for removal of his criminal

prosecution in this instance nor has he complied with section 1455 to properly remove this action. Accordingly, the Court construes Plaintiff's pleading as a civil complaint.

**B.  Title 18**

Plaintiff seeks to invoke federal jurisdiction by alleging violations of various sections of Title 18 of the United States Code. Title 18 of the United States Code codifies statutory crimes and criminal procedure. Therefore, unless a specific statute provides for a private right of action, violations of Title 18 are properly brought by the United States government through criminal proceedings and not by individuals in a civil action. Abou–Hussein v. Gates, 657 F.Supp.2d 77, 79 (D.D.C.2009); Prunte v. Universal Music Grp., 484 F. Supp. 2d 32, 42 (D.D.C. 2007).

1.  No Private Right of Action

Plaintiff seeks to bring this action pursuant to 18 U.S.C. §§ 241, 242, 2381, and 3499. Review of these statutes demonstrates that they do not provide for a private right of action.

Conspiring to deprive an individual of their constitutional rights is addressed in 18 U.S.C § 241. A violation of section 241 is punished by fine or imprisonment of not more than 10 years. 18 U.S.C. § 241. Depriving a person of their rights under the color of law is codified in 18 U.S.C. § 242 which makes it unlawful to deprive any person of his constitutional rights because of the person's alienage, color or race. Violation of section 242 is punished by fine or imprisonment of not more than one year, or more if specified circumstances exist. 18 U.S.C. § 242. Contempt of court by a witness is addressed by 18 U.S.C. § 3499 which codifies "[d]isobedience of a subpoena without excuse as contempt."

Treason is defined by 18 U.S.C § 2381, which provides "[w]hoever, owing allegiance to the United States, levies war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty of treason and shall suffer death, or shall be imprisoned not less than five years and fined under this title but not less than $10,000; and shall be incapable of holding any office under the United States."

Plaintiff cannot bring suit against defendant for violation of these sections of Title 18 as they do not provide for a private right of action.

2. <u>RICO</u>

Plaintiff also alleges violations of 18 U.S.C § 1962. The Racketeer Influenced and Corrupt Organizations ("RICO") Act, which was passed in 1970 as Title XI of the Organized Crime Control Act, provides for both criminal and civil liability for certain prohibited activities. <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541, 545 (9th Cir. 2007).

To state a civil claim under RICO, "a plaintiff must show '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity,'" <u>Rezner v. Bayerische Hypo-Und Vereinsbank AG</u>, 630 F.3d 866, 873 (9th Cir. 2010) (quoting <u>Sedima, S.P.R.L. v. Imrex Co., Inc.</u>, 473 U.S. 479, 496 (1985)), with the conspiracy claim being necessarily dependent upon the existence of the substantive RICO violation, <u>Sanford v. Memberworks, Inc.</u>, 625 F.3d 550, 559 (9th Cir. 2010). Plaintiff must show that the racketeering activity was both a but-for and proximate cause of his injury to have standing to bring a claim. <u>Hemi Group, LLC v. City of New York, N.Y.</u>, 559 U.S. 1, 9 (2010). To meet the proximate cause requirement there must be "some direct relation between the injury asserted and the injurious conduct alleged." <u>Rezner</u>, 630 F.3d at 873 (quoting <u>Holmes v. Sec. Investor Prot. Corp.</u>, 503 U.S. 258, 268 (1992)). This requires the court to examine the alleged violation to determine if it led directly to plaintiff's injuries. <u>Canyon County v. Syngenta Seeds, Inc.</u>, 519 F.3d 969, 982 (9th Cir. 2008).

The focus of RICO is racketeering activity which is defined "as a number of specific criminal acts under federal and state laws." 18 U.S.C. § 1961(1); <u>Canyon County</u>, 519 F.3d at 972. Two predicate acts within a period of ten years are required to show a pattern of racketeering activity. 18 U.S.C. § 1961(5); <u>Canyon County</u>, 519 F.3d at 972. Plaintiff does not allege which prohibited activities he is contending were violated by the acts alleged in the complaint. Nor does the complaint allege a pattern of racketeering activity by any defendant. Plaintiff's complaint fails to state a plausible claim for a violation of RICO.

**C.     Miscellaneous Statutes**

Plaintiff references 28 U.S.C § 1403(B) which addresses proceedings to condemn property for the use of the United States. Plaintiff's complaint contains no allegations that property is seeking to be condemned for use by the United States, its agencies or departments.

Plaintiff also cites to 5 U.S.C. 3331 which sets forth the oath of office for an elected or appointed official. Plaintiff sets forth multiple other citations to statutes or rules that are equally irrelevant to the claims he sets forth in his complaint.

Plaintiff's complaint contains vague and conclusory allegations of wrongdoing that fail to state a cognizable claim against any defendant named in this action.

### D.     Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Plaintiff shall be granted leave to file an amended complaint to correct the deficiencies identified in this order. Plaintiff is advised that if he opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' " "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint. "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1). A party must state its

claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Federal Rule of Civil Procedure 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b).

Currently, the basis of federal jurisdiction is unclear, as well as what specific claims Plaintiff is attempting to allege in this action. In his amended complaint, Plaintiff is required to set forth the specific claim including the basis for federal jurisdiction and the specific acts of the named defendants that demonstrate a violation of his federal rights. **Plaintiff's complaint may not contain any citation to case law or legal argument.** The only statutory references shall be for the specific claims alleged and must include sufficient factual allegations to demonstrate a violation of the statute. If Plaintiff fails to do, so this action will be dismissed without leave to amend.

Finally, Plaintiff is required to submit filings that are "clearly legible." Local Rule 130(b). In submitting an amended complaint in compliance with this order, Plaintiff is advised that the complaint must be double spaced and use letters no smaller than used in the instant order, Times New Roman 12, and any amended pleading may not exceed twenty-five pages in length.

## IV.

## APPLICATION TO PROCEED INFORMA PAUPERIS

The Court has reviewed Plaintiff's application to proceed in forma pauperis in this action and finds that it demonstrates entitlement to proceed without prepayment of fees. Accordingly, Plaintiff's application to proceed without prepayment of fees shall be granted. Notwithstanding this order, the Court does not direct that service be undertaken until the Court screens any amended complaint filed in this action and issues its screening order.

## V.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is GRANTED;

2. Plaintiff's complaint, filed September 26, 2016, is DISMISSED with leave to amend;

3. Plaintiff shall file an amended complaint within thirty (30) days from the date of service of this order; and

4. If Plaintiff does not file an amended complaint in compliance with this order this action shall be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated: **October 28, 2016**

UNITED STATES MAGISTRATE JUDGE