# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENTALAN BRIGNER, | Case No. 1:16-cv-01431-DAD-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| JOH NICK KAPETAN, et al., | (ECF No. 8) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Brentalan Brigner, proceeding pro se and in forma pauperis filed a complaint in this action which was dismissed with leave to amend on October 28, 2016. Currently before the Court is Plaintiff's first amended complaint, filed November 28, 2016.

**I.**

**SCREENING REQUIREMENT**

The district court must perform a preliminary screening and must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners). In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).

1

1  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause
2  of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.
3  662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

4  In reviewing the pro se complaint, the Court is to liberally construe the pleadings and
5  accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89,
6  94 (2007). Although a court must accept as true all factual allegations contained in a complaint,
7  a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A]
8  complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops
9  short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at
10 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient
11 factual content for the court to draw the reasonable conclusion that the defendant is liable for the
12 misconduct alleged. Iqbal, 556 U.S. at 678.

13 Similarly, the court may dismiss a claim as factually frivolous when the facts alleged lack
14 an arguable basis in law or in fact or embraces fanciful factual allegations. Neitzke v. Williams,
15 490 U.S. 319, 325 (1989). Further, a claim can be dismissed where a complete defense is
16 obvious on the face of the complaint. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).

## II.

## FIRST AMENDED COMPLAINT ALLEGATIONS

19 To the extent that the Court is able to decipher the rambling allegations in the first
20 amended complaint, Plaintiff contends that his due process rights were violated when he
21 appeared before Commissioner Heather Mardel Jones and Judge Jon Nick Kapetan because they
22 refused to correct his name and dismiss the suit against him on the basis of no probable cause.
23 (First. Am. Compl. 4,[1] ECF No. 8.) Plaintiff alleges that the prosecution has failed to prove that
24 he is a corporation, and the district attorney Vanessa Wong, and Ms. Spurling should have
25 immediately dismissed the charges against him. (Id.) Plaintiff appears to allege that the District
26 Attorney is committing a crime of treason and admitted that her client is the Fresno County

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

Sheriff Department which proves that she is working with Commissioner Mardel Jones in committing fraud by forging tickets that create the appearance that a crime has been committed. (Id.)

Plaintiff states that he was arrested, incarcerated and thrown into the street in the pouring rain by Fresno Superior Court Judges, the District Attorney's Office, the Fresno County Sheriff's Department, and California Highway Patrol Officer Arcelus who cut, copied, and pasted his signature onto a ticket.  (Id.)  Plaintiff contends that Commissioner Mardel Jones, Judge Kapetan, District Attorney Gamoian, Spurling, Vanessa Wong, Kimberly Gaab, Sheri Edmonds, and the Fresno County Sheriff Department failed to do their jobs correctly and he had to walk in the freezing cold streets for six months; survive in the streets of Fresno with major medical conditions; and took pictures of employees of Brian Angus, the Director of the Fresno Economic Opportunity Commission, throwing and breaking his personal belongings.  (Id. at 5.)

Plaintiff alleges that Commissioner Mardel Jones and her accomplices Judge Kapetan, and District Attorney Gamoian denied five restraining orders.  Commissioner Mardel Jones usurped the power of the people by stating that she can do whatever she wants in her courtroom. (Id. at 5.)  Plaintiff is requesting a firing squad for each of the defendants for their constant abuse of sovereigns and free people they attack.  (Id. at 8.)  Plaintiff is seeking $150 billion for the "Terroristic Barbaric Attack repetitively by" Commissioner Mardel Jones, District Attorney Gamoian, and Judge Kapetan.  (Id. at 9.)

## III.

## DISCUSSION

Plaintiff has failed to state a cognizable claim for relief.  As Plaintiff was advised in the previous order dismissing his complaint with leave to amend, "[i]n his amended complaint, Plaintiff is required to set forth the specific claim including the basis for federal jurisdiction and the specific acts of the named defendants that demonstrate a violation of his federal rights." (ECF No. 7 at 8:6-8.)

/ / /

/ / /

3

**A.     Judicial and Prosecutorial Immunity**

1.     Judicial Immunity

Plaintiff alleges that Commissioner Mardel Jones and Judge Kapetan violated his due process rights by refusing to correct his name and dismiss the charges against him. Absolute judicial immunity is afforded to judges for acts performed by the judge that relate to the judicial process. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002). "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)). This judicial immunity insulates judges from suits brought under section 1983. Olsen, 363 F.3d at 932.

Absolute judicial immunity insulates the judge from actions for damages due to judicial acts taken within the jurisdiction of the judge's court. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.' " Id. (quoting Cleavinger v. Saxner, 474 U.S. 193 (1985)). However a judge is not immune where he acts in the clear absence of jurisdiction or for acts that are not judicial in nature. Ashelman, 793 F.2d at 1075. Judicial conduct falls within "clear absence of all jurisdiction," where the judge "acted with clear lack of all subject matter jurisdiction." Stone v. Baum, 409 F. Supp. 2d 1164, 1174 (D. Ariz. 2005).

To determine if an act is judicial in nature, the court considers whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001) (quoting Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir.1999)).

Here, the actions alleged in the complaint would entitle the judges to judicial immunity.

Plaintiff contends that the judges refused to change his name on the case and dismiss the charges and refused to issue a restraining order. Plaintiff states that the judicial officials failed to perform their jobs correctly. Plaintiff's allegations in the complaint against the Fresno Superior Court judges are for actions taken by the judges in their judicial capacity for a cases or cases that were before the judge. Therefore, the named individuals are entitled to judicial immunity. Plaintiff fails to state a cognizable complaint against any judicial officer named in the first amended complaint.

### 2. Prosecutorial Immunity

Similarly, prosecutors are immune from liability under 42 U.S.C. § 1983. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen, 363 F.3d at 922 ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman, 793 F.2d at 1075 (holding that judges and prosecutors are immune from liability for damages under section 1983). Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." Ashelman, 793 F.2d at 1076 (quoting Imbler, 424 U.S. at 431).

While Plaintiff claims that the district attorney refused to dismiss the charges against him or refused to have a restraining order granted, such decisions by the district attorney fall within those actions that are entitled to absolute immunity. Plaintiff fails to state a cognizable claim against any employee of Office of the District Attorney.

### 3. Injunctive Relief

Plaintiff seeks to have the judicial officers and district attorney employees brought before a firing squad for their alleged abuse against him. (ECF No. 8 at 8.) "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A court may grant a preliminary injunction only if the plaintiff establishes four elements: (1) likelihood of success on the merits; (2) likelihood of suffering irreparable harm absent a preliminary injunction; (3) the balance of equities tips in plaintiff's favor; and (4) injunctive relief is in the public interest." Leigh v. Salazar, 677 F.3d 892, 896 (2012); Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1049

(9th Cir. 2010). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter, 555 U.S. at 22 (citation omitted) (emphasis added).

Here, even if Plaintiff was able to meet the requirements to obtain injunctive relief, the Court could not grant the relief requested. This Court does not have the authority to order that civil litigants be executed even where the plaintiff shows a violation of his federal rights. Accordingly, Plaintiff's request to have the defendants brought before a firing squad should be dismissed without leave to amend.

### B.  Fraud

Plaintiff alleges that Commissioner Mardel Jones conspired with other individuals to commit fraud against him. (ECF No. 8 at 4.) "A plaintiff alleging fraud must overcome a heightened pleading standard under Rule 9(b)." ESG Capital Partners, LP v. Stratos, 828 F.3d 1023, 1031 (9th Cir. 2016). To state a claim for fraud, a plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Conclusory allegations of fraud are not enough and the allegations must be specific enough to provide the defendants with notice of the particular conduct which is alleged to constitute the fraud charged. Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). This requires the pleadings to set forth the time, place, and nature of the specific acts of fraud. S. Union Co. v. Sw. Gas Corp., 165 F. Supp. 2d 1010, 1018 (D. Ariz. 2001).

Here, while Plaintiff makes general references to the Uniform Commercial Code, Sherman Anti-Trust Act, Security Act of 1933, Federal Trade Commission, and allegations of a racketeering scheme and municipal bond fraud, the first amended complaint is devoid of any factual allegations to support such violations.

Plaintiff generally alleges that the defendants conspired to falsify a citation against him to have him arrested and are continuing to make false entries into the State criminal database. However, Plaintiff has not pled factual allegations to meet the requirements of Rule 9(b). The conclusory allegations contained in the first amended complaint fail to state a cognizable claim for conspiracy to commit fraud.

///

### C. Officer Arcelus

Plaintiff alleges that California Highway Patrol Officer Arcelus cut, copied, and pasted Plaintiff's signature onto a ticket. However, even if the officer falsified Plaintiff's signature on a ticket, Plaintiff has not identified, nor does the Court find, any violation of Plaintiff's federal rights from this act. Plaintiff fails to state a cognizable claim against Officer Arcelus.

### D. Removal of State Criminal Actions

Plaintiff contends that he is being prosecuted for a crime that he did not commit and therefore it is "imperative" that the actions be removed from state court. (ECF No. 8 at 8.) Federal courts are courts of limited jurisdiction. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000); Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005). As discussed in the October 28, 2016 order dismissing Plaintiff's complaint, "[t]here are only narrow and limited grounds upon which a state prosecution can be removed to federal court." (ECF No. 7 at 4.) Under 28 U.S.C. §§ 1442(a) and 1442a, any officer of the United States or its courts, any officer of either House of Congress, or any member of the U.S. armed forces that is subject to criminal prosecution may remove such an action that arises from acts done under color of such office or status. 28 U.S.C. §§ 1442(a), 1442a. Additionally, a defendant who is being prosecuted in state court may remove an action to federal court if he seeks to assert a defense based upon federal laws protecting equal civil rights but is unable to because of state law. 28 U.S.C. § 1443.

Plaintiff was informed of the circumstances under which this Court could assume jurisdiction of his criminal prosecution and the first amended complaint does not demonstrate any ground to provide for removal of his criminal prosecution.

### E. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the

7

plaintiff has previously amended his complaint." <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. <u>Washington v. Lowe's HIW Inc.</u>, 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015).

In the order dismissing the complaint with leave to amend, Plaintiff was advised that his amended complaint must

> set forth the specific claim including the basis for federal jurisdiction and the specific acts of the named defendants that demonstrate a violation of his federal rights. **Plaintiff's complaint may not contain any citation to case law or legal argument.** The only statutory references shall be for the specific claims alleged and must include sufficient factual allegations to demonstrate a violation of the statute. If Plaintiff fails to do, so this action will be dismissed without leave to amend.

(ECF No. 7 at 8:6-12.) Additionally, Plaintiff was required to comply with Rule 10 which requires that his claims must be set forth in numbered paragraphs and each claim must be stated in a separate count. (<u>Id.</u> at 7:26-4.) Plaintiff has failed to comply with the requirements set forth in the October 28, 2016 order granting him leave to file an amended complaint.

In this instance, the Court finds that Plaintiff's failure to comply with the prior order and failure to correct the deficiencies identified in the original complaint demonstrate that it would be futile to grant further leave to amend. Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim without further leave to file an amended complaint.

## IV.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's complaint, filed October 28, 2016, be DISMISSED without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §

636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**December 1, 2016**__

UNITED STATES MAGISTRATE JUDGE